Edward E. HOGAN, Petitioner,

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 99–3225.

United States Court of Appeals, Federal Circuit.

July 11, 2000

---

John M. Mooney, Jr., Law Offices of John Mooney, Jr., PLLC, of Jackson, Mississippi, argued for petitioner.

Eric J. Nestor, Attorney, Commercial Litigation Branch, Civil Division, Depart-

ment of Justice, of Washington, DC, argued for respondent. On the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; Bryant G. Snee, Assistant Director; and Leslie C. Ohta, Attorney.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Department of the Navy abolished Edward E. Hogan's position as a Maintenance Worker (MW), WG–8, and reassigned him to the position of Electrical Worker (EW), WG–8. When Mr. Hogan contended on appeal that the Navy had constructively demoted him, the Merit Systems Protection Board (Board) dismissed for lack of jurisdiction. *See Hogan v. Department of the Navy*, 81 M.S.P.R. 252, (1999). Because constructive demotion cannot occur unless a position is reclassified to correct an error in the original classification, or a new classification standard has been issued, and no such reclassification occurred here, this court affirms the Board decision.

### I.

Edward E. Hogan began working as a civilian maintenance worker in a WG–8 position in the Morale, Welfare and Recreation Department (MWR) of the Meridian Naval Air Station in 1993. In June 1996, the MWR Director filed an advisory classification requesting a determination of whether Mr. Hogan's job was "accurately graded based on actual work performed, or existing [position description]." The ensuing opinion, dated June 18, 1996, recommended reclassification of Mr. Hogan's position at a pay level of WG–10, based on job duties of electrician at the 10 level, carpenter at the 9 level, plumber at the 9 level, painter at the 7 level, and waste handling at the 5 or 6 level. Shortly thereafter, Mr. Hogan's union submitted a request on his behalf for two years of back pay, representing the difference between the WG–8 and WG–10 pay classifications. Mr. Hogan received this payment later in

1996. Instead of upgrading his position after the opinion, the Navy decided to retain Mr. Hogan at the WG–8 level. Accordingly the Navy directed Mr. Hogan to perform only "required duties" and to direct specific questions on duties to a supervisor.

On March 18, 1997, Mr. Hogan filed an appeal with the Department of Defense Civilian Personnel Management Service, seeking reclassification from a WG–8 Maintenance Worker to a WD–8 Planner and Estimator. On March 30, 1997, the Position Management Officer at Meridian requested Mr. Hogan's reclassification from MW, WG–8, in MWR, to EW, WG–8, in Meridian's Public Works Department. The officer noted, as part of this request, that Mr. Hogan's former position as Maintenance Worker would be abolished. On April 13, 1997, the Navy granted this reclassification request. On May 2, 1997, Mr. Hogan filed a complaint of discrimination by MWR on the basis of sex and age, and claiming "humiliation and mental stress caused by the reassignment" and reprisal by MWR for his earlier appeals for position reclassification. Mr. Hogan later withdrew the reprisal element of his complaint.

Mr. Hogan filed an appeal with the Board on December 4, 1997, asserting, inter alia, that his transfer from MW WG–8 to EW WG–8 was a constructive demotion. The demotion arose, Mr. Hogan asserted, because his MW position had been erroneously classified as WG–8 instead of WG–10. Therefore, he reasoned, his later transfer to a WG–8 position was a reduction in grade. The Board dismissed Mr. Hogan's appeal for lack of jurisdiction, on the ground that the Navy had neither corrected the classification of his former position, nor applied a new classification standard to that position. Rather, the Navy had abolished Mr. Hogan's MW WG–8 position in MWR. In its dismissal, the Board reasoned that Mr. Hogan had not been constructively demoted.

Mr. Hogan appeals to this court contending that his transfer was in fact a constructive demotion. He also complains that the Board's administrative judge prejudiced his case by delay and by failure to order the Navy to timely respond to his discovery requests.

## II.

■ Under 5 U.S.C. § 7703(c) (1994), this court affirms decisions of the Board unless they are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

Thus, this court "will not overturn an agency decision if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.*, 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981) (citation omitted) (internal quotation marks omitted).

■ Mr. Hogan has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2)(i) (1999). *See also Van Wersch v. Department of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir.1999). This court reviews questions of the Board's jurisdiction *de novo*. See *King v. Briggs*, 83 F.3d 1384, 1387 (Fed. Cir.1996).

Title 5 gives the Board jurisdiction over "reduction in grade" and "reduction in pay" cases. 5 U.S.C. § 7512(3) and (4) (1994). The Board has also assumed jurisdiction

where an employee is reassigned from a position which due to issuance of a new classification standard or correction of classification error is worth a higher grade, the employee meets the legal and qualification requirements for promotion to the higher grade, and where the employee who held that position is permanently reassigned to a position classified at a grade level lower than the grade level to which the employee would otherwise be promoted, then the employee is reduced in grade.

*Russell v. Department of Navy*, 6 MSPB 585, 6 M.S.P.R. 698, 711 (1981). The Board has characterized cases governed by this strictly defined and narrow situation as "constructive demotion" cases. The Board has further clarified that these cases arise when an agency reassigns an employee out of a position that is subsequently upgraded and the employee met the requirements for promotion at the time of the reassignment. *See Spicer v. Department of Defense*, 59 M.S.P.R. 359, 362, 367 (1993).

■ Thus, while a "constructive demotion" is not actually a reduction in grade or pay, it has been treated as such by the Board for purposes of establishing its jurisdiction. *See, e.g., Russell*, 6 MSPB 585, 6 M.S.P.R. at 711. This court has never explicitly sanctioned the doctrine of constructive demotion by reversing a Board determination that a party had not been constructively demoted. In this case, Mr. Hogan's claim does not contain the elements of constructive demotion as specified by the Board in *Russell*. Therefore, we need not decide here whether that doctrine is ever a valid basis of Board jurisdiction.

Because this court has acknowledged the concept of "classification error" as a precursor of one type of potential constructive demotion, however, it is appropriate to address further the concept of "constructive demotion." This court has stated in this regard:

[T]he determination whether there had been a classification error was to be made with respect to the grade at which the position most recently had been classified, and that a classification error could *not* be established by showing that, because of an increase in duties, the position *should have been* upgraded through reclassification prior to the employee's reassignment. This narrow

scope of "classification error" accords with and furthers the congressional policy reflected in the Reform Act to "increase the flexibility of agencies to assign employees to positions and duties where they are needed without having to take an adverse action against an employee when the job title or duties have changed, but the grade has not." S.Rep. No. 969, 95th Cong., 2d Sess. 49–50 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 2723, 2771–72.

*Artmann v. Department of Interior,* 926 F.2d 1120, 1123 (Fed.Cir.1991) (emphasis added).

This court's original statement in *Artmann* of the elements of constructive demotion was clear: A new classification standard *must have been* already issued, or a classification error *must have been* already corrected, and the other requirements met, in order for an action for constructive demotion to arise, and for the Board to have jurisdiction. *See Artmann,* 926 F.2d at 1123. However, the concept of "constructive demotion" has assumed a certain fluidity. When this court in *Walker v. Department of the Navy,* 106 F.3d 1582 (Fed.Cir.1997), alluded to constructive demotion, it stated:

> By meeting these requirements, the employee demonstrates that the previous position *should have been* classified at a grade or pay higher than that of the position to which the employee was reassigned; thus, the reassignment constituted a "constructive" demotion. *See* Artmann, 926 F.2d at 1123.

*Walker,* 106 F.3d at 1584 (emphasis added). This statement appears to expand the constructive demotion doctrine beyond cases in which the petitioner's prior position *was* reclassified by the agency, to include those where the petitioner's prior position was not reclassified, but petitioner argues that it should have been. Mr. Hogan here pleads that he was constructively demoted because his previous position *should have been* reclassified upward, even though the Navy has not undertaken any actual reclassification. Thus, this court undertakes to review the cases relevant to this question.

In *Russell,* petitioner's original position was as a Supervisory Employee Development Specialist, GS–11. In January, his agency reassigned him to the GS–11 position of Employee Development Specialist. In June, his employing agency established the GS–12 position of Supervisory Employee Development Specialist. The agency then filled this new position through competitive promotion procedures, resulting in the selection of a candidate other than the petitioner. *See Russell,* 6 MSPB 585, 6 M.S.P.R. at 701. The Board acknowledged that the agency might have constructively demoted the petitioner. *See id.* at 711. The Board defined a narrow category of constructive demotion (which required an actual reclassification of the petitioner's prior position) and remanded. This court did not review the *Russell* decision.

In *Artmann,* petitioner occupied a position classified at grade GM–13. After a major reorganization, his employing agency substituted a new position at grade GM–14 for the petitioner's original position. The agency invited applicants for the new position. The petitioner applied, but was not selected. The agency then reassigned the petitioner to a GS–13 position at the same pay as his former GM–13 position. The petitioner argued, *inter alia,* that the agency had erroneously classified his original position at grade GM–13, either because its original classification at that grade was improper or because, as a result of an increase in his duties, the agency should have reclassified the position to grade GM–14 before the reassignment. *See Artmann,* 926 F.2d at 1121. The Board found that petitioner had not shown that a classification error occurred when his position was last classified by a person with classification authority. Therefore, petitioner had shown no classification error. The Board further reasoned that the agency "upgraded [Artmann's prior position] due to the addition of duties and as a result of a reorganiza-

tion ... *not because of a reclassification error.*" *Id.,* 926 F.2d at 1122 (emphasis added). Therefore, the Board found no constructive demotion. See id.

This court upheld the Board's finding that no classification error occurred and that petitioner's reassignment to the GM–13 position did not constitute a constructive demotion. *See Artmann,* 926 F.2d at 1125. Read together, *Artmann* and *Russell* indicate that the Board's definition of constructive demotion comprises only instances where a position has been upgraded to correct an error, not those in which an agency has added new duties to the position.

In *Walker,* petitioner was a GS–4 Navy police officer who became disabled and incapable of performing his duties. The agency offered petitioner a position as a GS–4 Mail and File Clerk. Plaintiff declined this offer. *See Walker,* 106 F.3d at 1583. The Navy then reassigned him from his position as GS–4 police officer to the comparable pay, grade, and step position of GS–4 police officer dispatcher. On the same day, the agency promoted GS–4 Police Officers within petitioner's former division to the position of GS–5 Police Officer, as a result of a change in the classification for that position. Plaintiff appealed, arguing that his reassignment denied him a promotion and thus constructively demoted him. Plaintiff, however, could not prove that he met the physical qualification requirements for the position of Police Officer, the second *Russell* requirement, and the Board dismissed his appeal for lack of jurisdiction. *See id.* at 1584. On appeal, this court did not consider jurisdiction but held that petitioner had not presented any evidence on the issue of his physical qualification. *See id.* at 1585. Although *Walker* was, like *Artmann* and *Russell,* a case in which petitioner's position had in fact been reclassified, petitioner had not satisfied all the requirements for constructive demotion. Specifically, this court found no constructive demotion because petitioner could not satisfy the "qualification requirement." Thus, the observation in *Walker* that "the previous po-

sition should have been classified at a grade or pay higher" was not an expansion of the scope of constructive demotion but merely a shorthand characterization unnecessary to the resolution of the case.

■ In sum, this case is susceptible to very simple reasoning. The agency abolished Mr. Hogan's original WG–8 position. The agency did not reclassify Mr. Hogan's position. Long before it reviewed the Board's findings in *Artmann* and *Walker,* this court noted that the Board and this court have no jurisdiction to review or revise an agency's job classification. *See Saunders v. Merit Sys. Protection Bd.,* 757 F.2d 1288, 1290 (Fed.Cir.1985). The same constraint applies to reclassifications. Therefore, only if the agency itself has actually upgraded the petitioner's prior position to correct an error, as distinct from creating an upgrade position, could the reassignment possibly be deemed a "constructive demotion." Thus, because there was no agency corrective reclassification, the Board is correct that it lacked jurisdiction to review this putative action for constructive demotion.

■ This court, finally, does not agree with Mr. Hogan's assertion that his case was prejudiced by delay and by failure of the Navy to timely respond to his discovery requests, which, according to Mr. Hogan, "were drafted specifically to garner evidence which would lead to a finding of 'constructive demotion.'" As noted by the Administrative Judge and the Board, there was sufficient uncontroverted evidence to find that Mr. Hogan had not been subjected to a constructive demotion, so that the Board lacked jurisdiction over his appeal. Discovery might have been relevant to Mr. Hogan's discrimination and retaliation claims, but, in the absence of a constructive demotion, the Board lacked jurisdiction to consider these claims. *See Hogan,* slip op. at 2; *Saunders,* 757 F.2d at 1290.

*AFFIRMED*