**Theodore J. KOZAK, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
**Respondent.**

No. 03–3171.

United States Court of Appeals,
Federal Circuit.

Oct. 14, 2003.

**130**

Before MICHEL, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

Petitioner Theodore J. Kozak appeals a final decision of the Merit Systems Protection Board ("MSPB") dismissing Kozak's appeal of his reassignment within the Department of Health and Human Services. Because Kozak fails to establish any reversible error, we *affirm*.

## BACKGROUND

The following facts are undisputed:

From November 1997 to November 2000, Kozak held the position of Supervisory General Engineer, Director of the Division of Facilities, Engineering, and Maintenance ("DFEM"), Office of Management Services, Office of Management, National Center for Toxicological Research, Food and Drug Administration, Department of Health and Human Services. The position was graded at GS–14. In October 2000, the agency told Kozak that the DFEM was to be reorganized, with the establishment of two separate branches, the Engineering Branch and the Operations and Maintenance Branch. The reorganization included the elimination of Kozak's position and the creation of two new Branch Chief positions (both graded at GS–14) and a new

Director, DFEM position (graded at GS–15).

On November 5, 2000, the agency reassigned Kozak, with no loss in grade or pay, to the position of Supervisory General Engineer, Chief, Engineering Branch. Kozak appealed to the MSPB, asserting that the reassignment was a constructive demotion. An administrative judge heard live testimony from agency personnel regarding the reorganization and Kozak's positions. On March 20, 2002, the administrative judge issued an initial decision, dismissing the appeal for "lack of appellate jurisdiction." *Kozak v. Dep't of Health and Human Servs.*, No. DA–3443–01–0427–B–1, slip op. at 2 (M.S.P.B. Mar.20, 2002). When the MSPB denied Kozak's petition for review, *Kozak v. Dep't of Health and Human Servs.*, No. DA–3443–01–0427–B–1, slip op. at 2, 2003 WL 138879 (M.S.P.B. Jan.14, 2003), the administrative judge's initial decision became final.

## DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (granting the Federal Circuit jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board"). In this case, we must affirm the MSPB's decision unless we determine that it was "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(3).

### I.

As a general matter, the MSPB "does not have appellate jurisdiction over reassignments not constituting a reduction in grade or pay, even though the reassignment reduces the employee's status, duties, or responsibilities." *Artmann v. Dep't of the Interior*, 926 F.2d 1120, 1122 (Fed.Cir.1991). The MSPB has stated, however, that

where an employee is reassigned from a position which due to issuance of a new classification standard or correction of classification error is worth a higher grade, the employee meets the legal and qualification requirements for promotion to the higher grade, and where the employee who held that position is permanently reassigned to a position classified at a grade level lower than the grade level to which the employee would otherwise be promoted, then the employee is reduced in grade.

*Russell v. Dep't of the Navy,* 6 MSPB 585, 6 M.S.P.R. 698, 711 (M.S.P.B.1981). That is a constructive demotion. *Artmann,* 926 F.2d at 1123.

The constructive-demotion rule, however, is "strictly defined and narrow." *Hogan v. Dep't of the Navy,* 218 F.3d 1361, 1364 (Fed.Cir.2000). Constructive demotion embraces "only instances where a position has been upgraded to correct an error, not those in which an agency has added new duties to the position." *Id.* at 1366. Constructive demotion requires that "the agency itself has *actually* upgraded the petitioner's prior position to correct an error," *id.* (emphasis added); it is not enough to argue or even to show that an employee's "previous position *should have been* reclassified upward," *id.* at 1365 (emphasis in original).

▮ Kozak argued to the MSPB administrative judge that his reassignment within DFEM constituted a constructive demotion. He had the burden of proof and did not carry it. On the contrary, the administrative judge found that agency personnel *disproved* constructive demotion:

> After considering the record as a whole, I find that [agency personnel] Hutchinson, Reed, Ross–Barsh, King, and Atwood all provided unequivocal, consistent, corroborative, and unrebutted testimony that the agency upgraded the Director, DFEM, position because of

a planned management action, *i.e.,* a reorganization. I also find that that King provided unrebutted testimony that the Director, DFEM, *position was not upgraded to correct a classification error.* I further find that the appellant failed to meet his burden of proving that his prior position was upgraded to correct a classification error or because a new classification standard was issued. Therefore, I find that the appellant has not established that his reassignment was a constructive demotion.

*Kozak,* Mar. 20, 2002 slip op. at 8 (citations omitted and emphasis added).

We stated in *Hogan* that "only if the agency itself has actually upgraded the petitioner's prior position to correct an error, as distinct from creating an upgrade position, could the reassignment possibly be deemed a 'constructive demotion.'" 218 F.3d at 1366. Here, Kozak's old position was never upgraded—to the contrary, as part of the DFEM reorganization the agency created a new and different Director, DFEM position. As the administrative judge found:

> On October 27, 2000, the agency told the appellant the DFEM was to be reorganized. The reorganization of the DFEM resulted in the establishment of two separate branches, the Engineering Branch and the Operations and Maintenance Branch. A GS–14 Branch Chief position was created to supervise each branch. A GS–15 Director, DFEM position was *established* to oversee the two branches. . . .
>
> On October 31, 2000, the agency issued a vacancy announcement for a Supervisory General Engineer, GS–801–15, to serve as the Director, DFEM, for NCTR. The appellant applied for the GS–15 Director position and was found to be highly qualified. The appellant was not selected for the *new* GS–15 position.

*Kozak,* Mar. 20, 2002 slip op. at 6 (emphases added). *See also id.* ("King was the Personnel Management Specialist who classified the *new* GS–15 Director, DFEM, position ... He stated that the principle [sic] reason for the *new* GS–15 position description was because of the new branch structure and not to correct errors in the appellant's *old* Director, DFEM, position.") (emphases added); *id.* at 7 ("[Kozak] presented no evidence to challenge the agency's assertion that the *new* GS–15 Director, DFEM, position was *created* due to a reorganization.") (emphases added).

Indeed, the undisputed facts demonstrate that the pre- and post-reorganization Director, DFEM positions did not have the same duties. Kozak admits that the reorganization involved "the addition of one subordinate supervisor" (*i.e.,* a Branch Chief) over whom the new Director, DFEM had supervisory responsibility—a duty Kozak did not have in his old position. (Kozak's Br. at 4.) As we stated in *Hogan,* "constructive demotion comprises only instances where a position has been upgraded to correct an error, not those in which an agency has added new duties to the position." 218 F.3d at 1361. Kozak asserts that the new Director, DFEM's supervisory responsibilities did not account for the grade differential between his old GS–14 position and the new GS–15 position, and that the true reason for the grade of the new position was that the agency realized his old responsibilities warranted a GS–15 grade. But at the hearing, several agency personnel gave unrebutted testimony that the new DFEM structure and the corresponding second-level-supervisor duties of the new Director, DFEM accounted for the new position's GS–15 grade. *See Kozak,* Mar. 20, 2002 slip op. at 6–8.

## II.

We need not reach Kozak's argument that the administrative judge erred by pre-venting him from questioning agency employee Mary Ann Hutchinson about the correctness of the classification of his original position, as the correctness *vel non* of the classification of Kozak's *old* position was moot, in light of the unrebutted testimony that the agency created and classified the *new* Director, DFEM position pursuant to a planned management action (*i.e.,* the reorganization of DFEM). *See, e.g., Hogan,* 218 F.3d at 1366. For example, Dick King, "the Personnel Management Specialist who classified the new GS–15 Director DFEM, position," testified "that the principle [sic] reason for the new GS–15 position description was because of the new branch structure and not to correct errors in the appellant's old GS–14 Director, DFEM, position." *Kozak,* Mar. 20, 2002 slip op. at 6–8.

## III.

■ Finally, we note that the administrative judge misclassified her decision as jurisdictional rather than on the merits. *See Spencer v. Dep't of the Navy,* 327 F.3d 1354, 1356–57 (Fed.Cir.2003) (explaining the distinction between jurisdiction and the merits in MSPB cases). This error was harmless, however, as the administrative judge plainly adjudicated the merits of Kozak's appeal: The administrative judge heard testimony, received documentary evidence, made findings of fact, and applied the substantive legal standards to the facts. *Cf. Walley v. Dep't of Veterans Affairs,* 279 F.3d 1010, 1021–22 (Fed.Cir. 2002) ("While the Board has improperly labeled its dismissal as one for 'lack of jurisdiction' as opposed to a dismissal on the merits, the use of such terminology is harmless error.").