NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3299

JOSEPH KASS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: March 10, 2005

_____

Before MAYER, LOURIE, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Joseph Kass petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC-0752-02-0786-I-1, dismissing an appeal in which he claimed he was constructively demoted when he accepted reassignment to a new position with the Department of Army. We <u>affirm</u>.

## BACKGROUND

Mr. Kass is a civilian employee of the Department of the Army who works for the Military Traffic Management Command ("MTMC"). When the MTMC consolidated its

east and west coast missions, Mr. Kass transferred from his position as Supervisory Security Specialist, GS-13, in Bayonne, New Jersey, to a similar position in Fort Eustis, Virginia. His new position had the same title and carried the same GS-13 grade, but had a different position description designation. Two years later, Mr. Kass noticed what he believed to be an error in the classification of his new position description. In particular, he believed the number of points attributed to one of the position description factors was incorrect. Mr. Kass requested that an agency classifier review and correct the error. He contended that a correction of the error would elevate his position from grade GS-13 to grade GS-14.

The MMTC referred Mr. Kass's request to a classifier. She reviewed the position description and agreed that the agency had in fact committed the error claimed by Mr. Kass. However, she also discovered another error that had been committed with respect to another factor in his classifying the position, and that the second error offset the error noted by Mr. Kass. After correcting both errors, the classifier determined that the position still fell within the GS-13 grade range. Accordingly, the grade for Mr. Kass's position was not increased from GS-13 to GS-14.

The MMTC then drafted a new position description to incorporate the corrections to the old position description. Before Mr. Kass was placed in the new position, however, the MMTC underwent a reorganization that eliminated all of the positions in the command in which Mr. Kass was working. Mr. Kass was offered the position of Supervisory Security Specialist, GS-13, with the same rate of pay in a newly created organization. Mr. Kass voluntarily accepted reassignment to that position, and the MMTC eliminated his former position. Once reassigned, Mr. Kass filed an appeal with

the Board, claiming that his former position should have been classified as a GS-14 position and that he had therefore been constructively demoted from a GS-14 position to a GS-13 position. The agency moved to dismiss his appeal for lack of jurisdiction.

The administrative judge who was assigned to the case issued an order advising Mr. Kass that because he had not actually been demoted, he needed to "present nonfrivolous allegations showing that his former position was actually upgraded to a level 14 pay grade to correct a classification error that occurred when that position was last classified" after he was reassigned. The administrative judge also made clear that the Board did not have jurisdiction over a claim that a position should have been upgraded when it had not in fact been upgraded. The administrative judge also advised Mr. Kass that he needed to "present nonfrivolous allegations that he met the legal and qualification requirements for promotion to the higher grade."

Mr. Kass responded to the administrative judge's order by proffering the testimony of a witness who stated that there was indeed an error in the number of points attributed to one of the classification factors in Mr. Kass's previous position description. The witness admitted that although she was not a classifier, the additional points would have raised the position to the GS-14 level. The agency responded that it concurred with Mr. Kass that there was an error in the number of points awarded on the factor in question under the position description. However, the agency presented the classifier's review of the position description, which concluded that, after correcting both the error Mr. Kass had discovered and the error that the classifier had discovered while examining his claim, the total number of points for the position remained in the GS-13 range and that the position was therefore properly classified at the GS-13 level.

The administrative judge dismissed Mr. Kass's appeal for lack of jurisdiction. The administrative judge explained that Mr. Kass had failed to present evidence that he had been constructively demoted both because after adjustment of the points allocable to his former position, that position remained in the GS-13 range, and because the MTMC had eliminated his former position. Mr. Kass filed a petition for review by the full Board, which the Board denied. This appeal followed.

DISCUSSION

Mr. Kass contends that he was constructively demoted because there was a classification error in his position description which, if corrected, would have placed the number of total points in the position description in the GS-14 grade range. That assertion does not establish Board jurisdiction, because to establish a constructive demotion "a classification error must have been already corrected." Hogan v. Dep't of the Navy, 218 F.3d 1361, 1365 (Fed. Cir. 2000).

Mr. Kass does not contend that his position was ever upgraded to GS-14, as was required to satisfy the first element of a constructive demotion. The agency presented evidence that it never corrected the classification errors in Mr. Kass's position description before he was reassigned; that even if it had corrected the errors the final point total would not have been in the GS-14 range; and that it eliminated the position altogether after Mr. Kass was reassigned to the new position. The Board does not have jurisdiction if an error is not corrected, but instead the position is "abolished" without correction, which is exactly what happened in this case. Hogan, 218 F.3d at 1366. We therefore affirm the decision of the Board dismissing Mr. Kass's appeal.