NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS K. MORRIS,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2012-3131

---

Petition for review of the Merit Systems Protection Board in case no. SF3443090296-B-1.

---

Decided: August 14, 2012

---

DENNIS K. MORRIS, Honolulu, Hawaii, pro se.

MICHAEL N. O'CONNELL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, PROST and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner Dennis K. Morris appeals the decision of the Merit Systems Protection Board ("Board") denying his request for corrective against the Department of the Army ("Agency"). For the reasons set forth below, we *affirm*.

## I. BACKGROUND

The Agency filled a Supervisory Operations Officer ("SOO") position by hiring a 30% disabled preference-eligible veteran without advertising the position with a vacancy announcement, relying on the Veterans Recruitment Appointment ("VRA") authority provided by 38 U.S.C. § 4214. The SOO position had initially been classified as a YC-02, which is not eligible for non-competitive VRA appointment, but the Agency later re-classified it as a YA-02 after hiring the veteran.

Mr. Morris, a non-preference eligible ("NPE") veteran, appealed to the Board, contending that the Agency violated his rights under the Veterans Employment Opportunities Act ("VEOA"), 5 U.S.C. § 3304(f)(1). Under the VEOA, certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). Specifically, Mr. Morris argued that the Agency improperly relied on the VRA to appoint an individual from outside its workforce without allowing preference-eligible and NPE veterans, such as himself, to apply for the position. According to Mr. Morris, the VRA did not apply because the SOO

position was classified as a YC-02, which is not eligible for a non-competitive VRA appointment.

The administrative judge issued an initial decision denying Mr. Morris's request for corrective action. *Morris v. Dep't of the Army*, No. SF3443090296-B-1 (M.S.P.B. June 15, 2011) ("*Initial Decision*"). The administrative judge found that a YA-02 position was equivalent to a GS-11 position and was subject to the VRA. *Initial Decision* 8. He accordingly determined that the Agency was not required to issue a vacancy announcement to fill the position. *Id.* at 10. Mr. Morris, therefore, did not have a right to compete for the position under the VEOA. *Id.* at 11. The Board denied Mr. Morris's petition for review, *Morris v. Dep't of the Army*, No. SF3443090296-B-1 (M.S.P.B. Mar. 22, 2012) ("*Final Decision*"), and the initial decision accordingly became the decision of the Board. Mr. Morris has appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

On appeal, Mr. Morris argues that we should reverse the Board's decision because the Agency improperly relied on VRA appointment authority to fill a YC-02 position and then re-classified the position as a YA-02 after the job had been offered to the veteran. We are not persuaded that a reversal is warranted.

The VRA authority provides for appointment of qualified, covered veterans for positions up to and including the GS-11 level or its equivalent. 38 U.S.C. § 4214(b)(1)(A). Mr. Morris does not dispute that a YA-02 position is equivalent to a GS-11 position and is covered by the VRA. Nor does he dispute that an agency can rely on VRA appointment authority to fill a YA-02 position without issuing a vacancy announcement. Here, the Agency originally classified the position as a YC-02—which is not subject to the VRA—but, within two weeks of the commencement of the veteran's employment, reclassified the position as a YA-02. It is well-established "that an agency has the inherent power to reconsider and change a decision if it does so within a reasonable period of time." *Gratehouse v. United States*, 512 F.2d 1104, 1109 (Ct. Cl. 1975). In this case, the Board found that the Agency's correction of this classification error occurred within a reasonable period of time. *Final Decision* 4. Given the deference we afford to the Board, we see no reason to disturb this factual finding. Further, to the extent that Mr. Morris argues that the Agency improperly changed the position from a YC-02 to a YA-02, "the Board and this court have no jurisdiction to review or revise an agency's job classification." *Hogan v. Dep't of the Navy*, 218 F.3d 1361, 1366 (Fed. Cir. 2000). We, therefore, agree with the Board that Mr. Morris has failed to prove that the Agency violated his rights under the VEOA.

Mr. Morris's remaining arguments do not support a different result. Consequently, for the reasons set forth above, the decision of the Board is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**