# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALLEN CAMMY-EL,<br>          Appellant, | DOCKET NUMBER<br>NY-315H-14-0200-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: August 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allen Cammy-El, New York, New York, pro se.

Erin Conroy, Esquire, Brooklyn, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appellant's termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Effective May 19, 2013, the agency appointed the appellant, who is preference eligible, to an excepted service position as a Housekeeping Aid.  The appellant was appointed pursuant to the Veterans Recruitment Appointment (VRA) Authority.  Initial Appeal File (IAF), Tab 3, Subtab 4d.  The agency terminated the appellant's employment effective February 10, 2014, for disrespectful conduct towards a supervisor.  *Id*., Subtab 4a.  Regarding the termination, the appellant filed an equal employment opportunity (EEO) complaint that resulted in a February 26, 2014 settlement that became effective on March 10, 2014.  The agreement included a clause wherein the appellant waived claims against the agency based on actions taken as of the date of the agreement. *Id*., Subtab 3.  The appellant appealed his termination to the Board on March 4, 2014.  IAF, Tab 1.  On March 6, 2014, the administrative judge ordered the appellant to submit evidence or argument establishing why his appeal should not be dismissed for lack of jurisdiction, but the appellant did not respond.  IAF, Tab 2.  The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 4, Initial Decision (ID) at 4.

¶3    On petition for review, the appellant submits evidence that is duplicative of previously submitted evidence and does not address the issue of jurisdiction.[2] Petition for Review (PFR) File, Tab 3.  Accordingly, the appellant has not shown that the evidence submitted on petition for review is new and material evidence not previously available despite his due diligence.  We therefore generally do not consider this evidence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶4    Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge his removal from the federal service by filing an appeal with the Board. *See* 5 U.S.C. §§ 7512(1), 7513(d); *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions" in an executive agency or in the United States Postal Service.  5 U.S.C. § 7511(a)(1)(B); *Maibaum*, 116 M.S.P.R. 234, ¶ 9.

¶5    Here, it is undisputed that the appellant was a preference eligible in an excepted service appointment.  Accordingly, he is an "employee" only if he meets the criteria under 5 U.S.C. § 7511(a)(1)(B).  The administrative judge correctly found that the appellant did not meet these requirements.  ID at 4.  The appellant was appointed on May 19, 2013.  His termination became effective on February 10, 2014.  IAF, Tab 3, Subtabs 4a, 4d.  This service of less than 9 months is clearly less than 1 year as is required by the statute.  5 U.S.C. § 7511(a)(1)(B). Alternatively, the appellant has not established "employee" status through the tacking of prior positions because there is no evidence that the appellant served in

---

[2] On petition for review, the appellant provided only one additional page of a document, the first page of which had previously been provided with his initial appeal.  The document, from the Office of Resolution Management, described what would constitute a Health Insurance Portability and Accountability/Privacy Act violation.

the same or similar positions prior to this appointment. *Id*.; IAF Tabs 1, 3. The appellant argues on petition for review that he experienced technical difficulties with submitting evidence. PFR File, Tab 1 at 4. However, the appellant's evidence was received both on initial appeal and on petition for review. IAF, Tab 1; PFR File, Tab 3. The appellant also does not argue that any possible missing evidence addresses the jurisdictional questions at issue in this case. PFR File, Tab 1 at 4. It is the appellant's burden to establish jurisdiction by a preponderance of the evidence. *See Hogan v. Department of the Navy*, 218 F.3d 1361, 1364 (Fed. Cir. 2000). The appellant has not met this burden. Therefore, the administrative judge properly found that jurisdiction had not been established.

¶6   The administrative judge also correctly found that the appellant failed to show that he had a regulatory right to appeal his termination to the Board. ID at 4. An individual serving under a VRA appointment, whose employment under the appointment is terminated within 1 year after the date of such appointment, has the same right to appeal that termination as a career or career-conditional employee has during the first year of employment. *See Maibaum*, 116 M.S.P.R. 234, ¶ 18; 5 C.F.R. § 307.105. Under 5 C.F.R. § 315.806(b), a probationary employee may appeal a termination taken for reasons arising after appointment if he alleges that the termination was based on partisan political reasons or marital status. *Maibaum*, 116 M.S.P.R. 234, ¶ 18. The appellant has failed to make such an allegation here. Accordingly, the appellant fails to show that he had a regulatory right to appeal his termination pursuant to 5 C.F.R. §§ 307.105 and 315.806.[3]

---

[3] The appellant argues that he was under duress when he signed the EEO settlement agreement with the agency. PFR File, Tab 1 at 4. Because we find that the appellant did not have the right to appeal his termination to the Board, we need not determine whether the EEO settlement constituted a valid waiver of his Board appeal rights.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.