# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RON FRANCIS,<br><br>    Appellant,<br><br>  v.<br><br>DEPARTMENT OF THE NAVY,<br>    Agency. | DOCKET NUMBER<br>AT-0752-13-2973-I-1<br><br><br><br>DATE: September 30, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kirsten Lea Doolittle, Jacksonville, Florida, for the appellant.

Henry F. Sonday, Jr., NAS Jacksonville, Florida, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant encumbered a GS-14 Supervisory Aerospace Engineer (SAE) position beginning in 2005.  Initial Appeal File (IAF), Tab 1.  In 2012, the appellant still encumbered the SAE position when the agency reclassified the GS-14 SAE position to a GS-15 SAE position without a change in duties and announced the GS-15 SAE position under merit promotion procedures.  The appellant applied for the GS-15 SAE position, was found qualified, but was not selected.  The agency reassigned the appellant to a GS-14 Aerospace Engineer (AE) position.  The appellant appealed the agency's action alleging that it constituted a constructive demotion.  *Id*.  He contended that the SAE position was upgraded due to a classification error and that his reassignment from the position under such circumstances constituted a demotion.

¶3      Based on the evidence of record, including the testimony given at the hearing held on March 25, 2014, the administrative judge found that the appellant failed to prove that his reassignment was a demotion.  IAF, Tab 21, Initial Decision (ID).  He found that the agency's decision to upgrade the SAE position did not result from a classification error because it was properly classified as a GS-14 in 1996.  ID at 4-6.  He also found that, during the period between 1996,

when the position was properly classified at the GS-14 level, and 2005, when the appellant assumed the position, new duties and responsibilities were added to be commensurate with the GS-15 level. ID at 6. He further found that classification error could not be established by a showing that, because of an increase in duties, the position should have been reclassified prior to the appellant's reassignment. ID.

¶4        In his petition for review, the appellant contends that the administrative judge erred in dismissing the appeal for lack of jurisdiction. As explained below, however, we find that the administrative judge correctly found that the appellant failed to establish that he was constructively demoted on the basis of a classification error.

¶5        An employee is deemed to have been subjected to an appealable "constructive demotion" when he is reassigned from a position that is later reclassified upward due to the issuance of a new classification standard or correction of a classification error, provided that the employee meets the legal and qualification requirements for the higher-graded position. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶¶ 7-8 (2001); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). A constructive demotion claim is not viable when it is based on an allegation that the position from which the appellant was reassigned could or should have been reclassified upward; rather, a constructive demotion claim can succeed only if the appellant's former position "has actually been reclassified upward." *Marcheggiani*, 90 M.S.P.R. 212, ¶ 8. Likewise, when reclassification of a position is the result of "planned management action," such as the addition of duties, a constructive demotion claim does not lie. *Manlogon v. Environmental Protection Agency*, 87 M.S.P.R. 653, ¶ 12 (2001); *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 5 (1999).

¶6        A classification error cannot be established merely by showing that, because of an increase in duties, the position should have been reclassified prior to an

employee's reassignment. *See Artmann v. Department of the Interior*, 926 F.2d 1120, 1123 (Fed. Cir. 1991). Addressing prior inconsistencies in the Board's application of the constructive demotion doctrine, the U.S. Court of Appeals for the Federal Circuit in *Hogan v. Department of the Navy*, 218 F.3d 1361, 1366 (Fed. Cir. 2000), held that, if an agency has not actually upgraded the employee's prior position to correct an error, as distinct from creating an upgraded position, a reassignment will not be deemed a constructive demotion. *Manlogon* specifically overruled the Board's requirement that a reclassification occur "subsequent to" an employee's reassignment. *Manlogon*, 87 M.S.P.R. 653, ¶ 9.

¶7        Thus, to establish jurisdiction here, the appellant must show that his former GS-14 position was actually upgraded to the GS-15 position to correct a classification error that occurred when his former position was last classified prior to the current classification as a GS-15 position, i.e., as the administrative judge found, in 1996, or to apply new classification standards, rather than created as a new upgraded position with additional duties and responsibilities. *Hogan*, 218 F.3d at 1366; *Artmann*, 926 F.2d at 1121. Although the appellant established that he met the legal and qualification requirements for promotion to the higher grade, he failed to show that the position descriptions of the GS-14 position classified in 1996 and the GS-15 position classified in 2012 had sufficiently similar duties to show that the GS-14 position was improperly classified. *See Artmann*, 926 F.2d at 1124-25; *Spicer v. Department of Defense*, 59 M.S.P.R. 359, 363-65 (1993); *Young v. Department of the Navy*, 53 M.S.P.R. 384, 385-86 (1992) (testimony concerning the similarity of the position descriptions of the GS-12 position held by the appellant before a reorganization and a new position created after the reorganization and classified as a GM-13 was relevant to the issue of whether the appellant's former position was worth a higher grade due to a change in classification standard). Here, the agency created an upgraded position that reflected the appellant's actual duties in the position, duties that were added after the GS-14 position was properly classified. *See Manlogon*, 87 M.S.P.R.

653, ¶ 12.  Accordingly, we conclude that the administrative judge properly found that the appellant failed to prove that he was constructively demoted due to a classification error.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.