## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAY AUSTIN,
                    Appellant,

           v.

ENVIRONMENTAL PROTECTION
    AGENCY,
               Agency.

DOCKET NUMBER
DC-0752-16-0034-I-1

DATE: June 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark R. Heilbrun, Esquire, Fairfax Station, Virginia, for the appellant.

Rebecca Wulffen, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged constructive demotion appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to deny the appellant's request for attorney fees, we AFFIRM the initial decision.

¶2      Effective July 27, 2014, the appellant was reassigned from the position of Associate Division Director, GS-15, to the position of Senior Advisor, GS-15.[2] Initial Appeal File (IAF), Tab 11 at 4. On appeal, she argued that she was constructively demoted under the pretext of her reassignment from the "erroneously misclassified Associate Director position." She also claimed that she was subject to a continuing hostile work environment and disparate treatment based on her disability, race, and age. IAF, Tab 1 at 6. She requested a hearing. *Id.* at 2. The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that the appellant was not constructively demoted because her former position was never reclassified upward. IAF, Tab 11. The administrative judge ordered the appellant to respond, IAF, Tab 13, and, in so doing, she repeated her

---

[2] The appellant has not specifically identified the titles of her former or current positions, but neither has she challenged the titles as provided by the agency. For reasons unclear, the Standard Form 50 submitted by the agency shows that the appellant was reassigned from the position of Environmental Scientist, GS-15, to the position of Physical Scientist, GS-15. Initial Appeal File (IAF), Tab 11 at 18. Notwithstanding, the parties are in agreement as to the grade level of the two positions, which is the dispositive issue in this case.

claim that, due to the correction of a classification error, her previous position was worth a higher grade. IAF, Tab 14. After the agency replied to that response, IAF, Tab 15, the appellant proffered "newly discovered evidence" which, she claimed, supported her position that she was constructively demoted. IAF, Tab 16.

¶3    In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 4. She found that the appellant failed to nonfrivolously allege that the position from which she was reassigned was ever classified above the GS-15 level, either while she encumbered it or thereafter. ID at 4.

¶4    The appellant has filed petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶5    The Board has jurisdiction over reductions in grade and pay under 5 U.S.C. § 7512(3), (4). Ordinarily, a reassignment without a loss of grade or pay is not appealable. *Spicer v. Department of Defense*, 59 M.S.P.R. 359, 362 (1993). However, the Board has recognized the concept of a constructive demotion, which is appealable when an employee was reassigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade; the employee met the legal and qualification requirements for promotion to the higher grade; and she was permanently reassigned to a position classified at a grade level lower than the grade level to which she otherwise would have been promoted. *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). The appellant here does not contend that the agency issued a new classification standard regarding her former position. Rather, in arguing that the agency corrected a classification error, she suggests that it failed to properly reclassify her former position upward. IAF, Tab 9 at 5, Tab 14 at 7. However, the Board does not adjudicate disputes over the proper classification of a position, *Grigsby v. Department of the Army*, 45 M.S.P.R. 151, 154 (1990), as such disputes fall within the exclusive jurisdiction of the Office of

Personnel Management, 5 C.F.R. § 511.603. Thus, the Board may exercise its jurisdiction in a constructive demotion appeal only when a position actually has been reclassified upward and the employee claims entitlement to a noncompetitive promotion to the higher-graded position; a constructive demotion appeal does not lie based on a claim that a position could have been or should have been reclassified upward. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶¶ 8-9 (2011); *see Artmann v. Department of the Interior*, 926 F.2d 1120, 1123 (Fed. Cir. 1991). Because the appellant did not nonfrivolously allege that there was an agency corrective reclassification, she has failed to show that the administrative judge erred in finding that the Board lacks jurisdiction to review this putative action as a constructive demotion. *Hogan v. Department of the Navy*, 218 F.3d 1361, 1366 (Fed. Cir. 2000).

¶6        On review, the appellant argues that she was subjected to a "discriminatory constructive action" rendering her appeal a "mixed case" and that, therefore, the administrative judge should have addressed her claims of discrimination. PFR File, Tab 1 at 5, 12-13. Because the appellant did not establish a constructive demotion, however, the Board lacks jurisdiction to consider those claims. *Hogan*, 218 F.3d at 1366; *Price v. U.S. Postal Service*, 50 M.S.P.R. 107, 110 (1991).

¶7        The appellant also argues on review that the administrative judge committed procedural errors regarding discovery and otherwise issued confusing orders. PFR File, Tab 1 at 8-11. The administrative judge's original acknowledgment order included standard language regarding discovery, specifically, the time limits within which the parties must initiate it and respond to it. IAF, Tab 2. The agency sought a stay of those deadlines pending a decision on Board jurisdiction, IAF, Tab 4, but the administrative judge denied the motion, IAF, Tab 6. Subsequently, the administrative judge issued an order closing the record, IAF, Tab 10, to which the appellant objected, claiming that "discovery previously ordered is foreclosed notwithstanding significant questions of fact and law," IAF,

Tab 12. After the date originally set for the close of the record, the administrative judge issued a Final Order on Jurisdiction granting the appellant a second and final opportunity to assert facts entitling her to a jurisdictional hearing, IAF, Tab 13, and she responded, noting again that "discovery was ordered and then foreclosed," IAF, Tab 14.

¶8 An appellant is entitled to request the discovery of relevant materials to assist her in meeting the burden of establishing jurisdiction. *Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999). Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence. *McGrath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 7 (1999). Administrative judges have broad discretion in ruling on discovery matters and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010). Here, we have agreed with the administrative judge that the appellant failed to establish the Board's jurisdiction over her constructive demotion claim. Although she claims on review that she spent "weeks of preparation" after the administrative judge's initial discovery orders, PFR File, Tab 1 at 10, she has failed to identify any specific item she sought in discovery that appears reasonably calculated to lead to the discovery of admissible evidence that would assist her in establishing the Board's jurisdiction over her constructive demotion claim.[3] To the extent she suggests that she was not allowed the right to pursue discovery relating to her claim that she was denied protection as an "older and disabled employee[]," IAF at 11, in the absence of a constructive demotion, the Board lacks authority to consider those claims, *Hogan*, 218 F.3d at 1366. While certain of the administrative judge's earlier orders may have lacked clarity, *e.g.*, IAF, Tabs 2, 8, her final order was clear as to the

---

[3] The appellant has requested attorney fees for time spent preparing discovery. PFR File, Tab 1 at 20. We deny her request because she is not a prevailing party. *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 5 (2004).

appellant's burden, IAF, Tab 13, and she has failed to show that her substantive rights were prejudiced regarding the dispositive jurisdictional issue in this case,[4] *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Nor did the appellant show that she was denied the right to a jurisdictional hearing, PFR File, Tab 1 at 15-16, because she did not make a nonfrivolous allegation that she was constructively demoted, *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 (2013), *aff'd*, 594 F. App'x 984 (Fed. Cir. 2014). Just prior to the close of the record below, the appellant submitted a copy of a vacancy announcement the agency issued for the position of Senior Science Advisor, SL[senior level]-00, appearing to suggest that the agency had upgraded certain positions. IAF, Tab 16. She did not, however, nonfrivolously allege, nor does the evidence support a finding, that her former position was upgraded due to the issuance of a new classification standard or a classification error.

¶9       The appellant contends that the administrative judge appeared to accept the agency's arguments "wholecloth." PFR File, Tab 1 at 17. To the extent that the appellant's claim may be considered one of administrative judge bias, it is well established that, in making such a claim, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Furthermore, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). The appellant has not met these requirements. *Simmons v. Small Business Administration*, 115 M.S.P.R. 647, ¶ 10 (2011); *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 7 (2005). Moreover, to establish that an administrative judge was biased, a party generally

[4] Further, because the administrative judge did not in fact abide by the date she originally set for the close of the record, IAF, Tabs 10, 13, the appellant has also not shown that her substantive rights were prejudiced by issuance of that first order.

must show that any such bias constitutes extrajudicial conduct, rather than conduct arising during the administrative proceeding. *Ali v. Department of the Army*, 50 M.S.P.R. 563, 568 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has failed to make such a showing as to the administrative judge's conduct during the Board proceeding.[5]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[6]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[5] The appellant erroneously describes the administrative judge as "a former Board general counsel." PFR File, Tab 1 at 17.

[6] The administrative judge afforded the appellant mixed-case review rights. ID at 8-10. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 			_____
					William D. Spencer
					Clerk of the Board

Washington, D.C.