Moise J. WALKER, Petitioner,

v.

DEPARTMENT OF THE NAVY, Respondent.

No. 96–3228.

United States Court of Appeals, Federal Circuit.

Feb. 18, 1997.

M. Jefferson Euchler, Neil C. Bonney & Associates, P.C., Virginia Beach, VA, argued, for petitioner. With him on the brief was Neil C. Bonney.

Lesleyanne K. Kessler, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., argued, for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director.

Before PLAGER, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Moise J. Walker (Mr. Walker) appeals from the March 28, 1996, order of the Merit Systems Protection Board (Board), Docket No. DA3443960007–I–1, which adopted the initial decision of the administrative judge dismissing Mr. Walker's appeal for lack of jurisdiction. We affirm.

I

On November 5, 1993, Mr. Walker suffered an injury to his lower back while he was employed as a GS–4 police officer with the United States Department of the Navy (the agency). Due to this injury, Mr. Walker was unable to perform the tasks required of his position, including, *inter alia,* being able to stand and walk for eight hours, crawl and kneel for five hours, and lift and carry in excess of 45 pounds. As a result, he was placed on leave without pay on December 21, 1993.

For some time, Mr. Walker received workers' compensation benefits for his back injury. These benefits were discontinued on December 10, 1994, because Mr. Walker's physician, Dr. Butler, approved his return to work with certain restrictions. Specifically, Dr. Butler indicated that Mr. Walker could work eight hours per day, but that he should permanently limit his participation in any kneeling, bending or lifting.

On February 3, 1995, Mr. Walker returned to work as a police officer, but instead of assuming the normal duties of a police officer, he was detailed to the position of mail and file clerk, pending clarification of his medical restrictions. In a letter dated March 17, 1995, Dr. Faust, an orthopedic surgeon hired by the Navy, concluded that Mr. Walker was incapable of performing the necessary duties of a police officer, specifically with regard to lifting and carrying in excess of 45 pounds.

Because of his medical condition, the agency offered Mr. Walker the position of Mail and File Clerk, GS–4, on March 30, 1995. When Mr. Walker declined this offer, the

agency reassigned him from his position as police officer, GS–4, step 6, to the comparable pay, grade and step position of police officer dispatcher, GS–4, step 6, effective April 30, 1995. On the same day, the agency promoted GS–4 Police Officers within the security division to the position of GS–5 Police Officer, as a result of a change in the classification standards for the position.

On September 25, 1995, Mr. Walker filed an appeal with the Board, arguing that his reassignment was effectively a constructive demotion. The administrative judge advised Mr. Walker that it appeared that the Board may not have jurisdiction over his appeal, and that he bore the burden of proving the existence of jurisdiction. When Mr. Walker subsequently failed to prove that he met the physical qualification requirements for the position of Police Officer, the administrative judge dismissed his appeal for lack of jurisdiction. Because the administrative judge dismissed the case on this basis, he did not address the apparent untimely filing of the appeal.

The administrative judge's decision became final when the Board denied review on March 28, 1996. *See* 5 C.F.R. § 1201.113(b) (1996). Mr. Walker appeals from the Board's decision, which we review under 28 U.S.C. § 1295(a)(9) (1994). We must affirm the Board's decision unless it is found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

(2) obtained without procedures required by law, rule or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1994); *Rosete v. Office of Personnel Management,* 48 F.3d 514, 516 (Fed.Cir.1995).

## II

■ The Board has only that jurisdiction conferred on it by Congress, and the burden of establishing the Board's jurisdiction rests with the petitioner. *Perez v. Merit Sys. Protection Bd.,* 85 F.3d 591, 593 (Fed. Cir.1996); *Manning v. Merit Sys. Protection Bd.,* 742 F.2d 1424, 1426 (Fed.Cir.1984).

With regard to claims involving an employee's reassignment, the Board ordinarily possesses jurisdiction only if the agency's action resulted in a reduction in grade or pay. *See* 5 U.S.C. § 7512 (1994); *Artmann v. Department of Interior,* 926 F.2d 1120, 1122 (Fed. Cir.1991). Hence, the Board normally lacks jurisdiction to review the reassignment of an employee who does not suffer a loss of grade or pay. *Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983).

■ Even if the reassignment does not facially indicate a reduction in grade or pay, the Board possesses jurisdiction if the employee's reassignment constitutes a constructive demotion. *See Artmann,* 926 F.2d at 1123; *Russell v. Department of Navy,* 6 MSPB 585, 6 M.S.P.R. 698, 711 (1981). To establish a constructive demotion claim, the employee must demonstrate that (i) the employee was reassigned from a position which, due to the issuance of a new classification standard or correction of classification error, is entitled to a higher grade, and (ii) the employee meets the legal and qualification requirements for promotion to the higher grade. *Id.* By meeting these requirements, the employee demonstrates that the previous position should have been classified at a grade or pay higher than that of the position to which the employee was reassigned; thus, the reassignment constituted a "constructive" demotion. *See Artmann,* 926 F.2d at 1123.

■ Mr. Walker asserts that the second requirement of a constructive demotion claim does not encompass an employee's physical qualification for the position; instead, that requirement concerns only technical matters such as time in grade. He argues that it is inappropriate to make physical qualification a jurisdictional requirement because it deprives the petitioner of a hearing at which he could challenge the agency's action. We disagree with Mr. Walker's arguments.

The Board's decision in *Russell,* with which we agreed in *Artmann,* requires a petitioner making a constructive demotion claim to establish, *inter alia,* that the petitioner met "the legal and qualification requirements for promotion at the time of his reassignment." *Russell,* 6 M.S.P.R. at 711. There is no reason to believe that this re-

quirement is limited to technical matters such as time in grade, and, indeed, Mr. Walker cites no legal authority for this proposition. An interpretation of "qualification requirements" that excludes physical capacities required by the position would be unduly narrow. All of the pertinent qualification requirements of any particular position must be met by one claiming a constructive demotion. Accordingly, we conclude that a showing of physical qualification is a component of this jurisdictional requirement.

■ Contrary to Mr. Walker's argument, such a requirement does not eviscerate an employee's right to challenge agency action taken on the basis of physical inability to perform. This requirement does not force the petitioner to prove conclusively, without the benefit of a hearing, that he was physically (or otherwise) qualified for the position. It simply requires the petitioner to respond to the jurisdictional challenge by making a nonfrivolous allegation of facts which, if true, would clearly establish the Board's jurisdiction. *Waldau v. Merit Sys. Protection Bd.*, 19 F.3d 1395, 1402 (Fed.Cir.1994). This nonfrivolous allegation, if challenged, should then entitle the petitioner to a hearing at which the jurisdiction issue can be fully vented. *Id.*

■ In the present case, the administrative judge explained to Mr. Walker that the Board's jurisdiction was in question, and gave Mr. Walker an opportunity to establish the requirements for a constructive demotion claim. Not only did Mr. Walker fail to establish conclusively that he was physically qualified for the position of police officer, but he failed even to allege nonfrivolous facts which, if true, would establish that he was physically

qualified. Instead, his response to the administrative judge's order merely stated that he was serving as a GS–4 police officer when the agency made the decision to upgrade all other police officers to the GS–5 level. On appeal before this court, Mr. Walker points to no record evidence that in any way alleges that he was physically qualified for the position of police officer.

### III

At bottom, Mr. Walker's attempt to adjudicate his constructive demotion claim failed because he did not make a nonfrivolous allegation, before the administrative judge, that he was fit to perform all the duties of a police officer at the time of his reassignment to the position of police officer dispatcher. Without any evidence from Mr. Walker on the issue of his physical qualification, the administrative judge was left with only documentary evidence stating that Mr. Walker was medically restricted from performing all duties required of a police officer. On the basis of that record, the administrative judge did not err by deciding that a hearing was not required and by dismissing Mr. Walker's appeal for lack of jurisdiction. For the foregoing reasons, the decision of the Board is affirmed.

*AFFIRMED.*