NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3327

HYLAND W. BENNETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Hyland W. Bennett, of Colorado Springs, Colorado, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3327

HYLAND BENNETT

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DE-3443-07-0054-I-1.

_____

DECIDED:   March 10, 2008

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, <u>Circuit Judge</u>, and YOUNG, <u>District Judge</u>.[*]

PER CURIAM.

Petitioner Hyland Bennett seeks review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board") that dismissed his appeal of an alleged constructive demotion for lack of jurisdiction.  Because Bennett has not alleged facts sufficient to support a nonfrivolous claim for constructive demotion, we <u>affirm</u>.

The jurisdiction of the MSPB is not plenary, but rather is limited to those matters over which it has jurisdiction "under any law, rule, or regulation."  5 U.S.C. § 7701(a); <u>Minor v. Merit Sys. Protection Bd.</u>, 819 F.2d 280, 282 (Fed. Cir. 1987).  By law, the

_____

[*]      Honorable William G. Young, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

MSPB's jurisdiction is limited to appeals of certain enumerated adverse actions, including removals, suspensions for more than 14 days, reductions in grade, reductions in pay, and furloughs of 30 days or less. 5 U.S.C. § 7512. The petitioner bears the burden of establishing jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Security, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc). "We review decisions of the Board regarding its own jurisdiction without deference." McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002).

Generally, the MSPB lacks jurisdiction to review a reassignment of an employee who does not suffer a loss of grade or pay. Walker v. Department of the Navy, 106 F.3d 1582, 1584 (Fed. Cir. 1997). However, where the practical effect of a reassignment is to deny the employee a promotion he would have received if he had not been transferred, then the transfer constitutes a "constructive demotion" which is appealable to the MSPB. Elmore v. Dep't of Transp., 421 F.3d 1339, 1342 (Fed. Cir. 2005). "To establish a constructive demotion claim, the employee must demonstrate that (i) the employee was reassigned from a position which, due to the issuance of a new classification standard or correction of classification error, is entitled to a higher grade, and (ii) the employee meets the legal and qualification requirements for promotion to the higher grade." Walker, 106 F.3d at 1584.

In this case, Mr. Bennett does not allege that he was reassigned from a position that was entitled to a higher grade—either due to the issuance of new classification standard or the correction of a classification error. Rather, Mr. Bennett claims that he should have been promoted because he performed duties similar to several of his coworkers who were promoted. Mr. Bennett has therefore failed to allege facts

sufficient to support a nonfrivolous claim for constructive demotion. Accordingly, we affirm the decision of the MSPB dismissing his appeal for lack of jurisdiction.

No costs.