NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3251

MARGARET R. PHILLIPS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Linda A. Webb, Hagans, Ahearn & Webb, of Anchorage, Alaska, for petitioner.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel and Calvin M. Morrow, Acting Associate General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3251

MARGARET R. PHILLIPS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SF3443070534-I-1.

_____

DECIDED: January 14, 2009

_____

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Margaret R. Phillips ("Phillips") seeks review of a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Phillips v. Dep't of Treasury, No. SF3443070534-I-1 (M.S.P.B. Sept. 10, 2007) ("Initial Decision"), review denied, Phillips v. Dep't of Treasury, No. SF3443070534-I-1 (M.S.P.B. Feb. 7, 2008). Because the Board correctly concluded that Phillips failed to raise a non-frivolous allegation that her reassignment resulted in a reduction in pay or grade, we affirm.

Phillips worked in the Internal Revenue Service ("IRS" or "agency") as a Supervisory Revenue Agent, IR-05, when, on May 13, 2007, she was reassigned to a position as an Internal Revenue Agent, GS-13. Phillips, alleging that her reassignment was an involuntary demotion, appealed her reassignment to the Board. The agency then moved to dismiss the appeal for lack of jurisdiction, asserting that Phillips's reassignment was voluntary and did not result in a reduction in either pay or grade. In a show-cause order, the Board informed Phillips that she bore the burden of proof on jurisdiction and advised her to file evidence and argument to establish jurisdiction. After receiving briefing on the issue, but before conducting a jurisdictional hearing, the Board dismissed the appeal for lack of jurisdiction. The decision became final on February 7, 2008, and Phillips appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

We review determinations of the Board concerning its jurisdiction de novo. Parrott v. Merit Sys. Prot. Bd., 519 F.3d 1328, 1334 (Fed. Cir. 2008). Because the Board dismissed Phillips's appeal without affording her a jurisdictional hearing, we review the record de novo to determine whether Phillips made non-frivolous allegations of fact necessary to establish jurisdiction. Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329, 1332 (Fed. Cir. 2006).

The Board's jurisdiction is limited to appeals of certain enumerated adverse actions, including removals, suspensions for more than 14 days, reductions in grade, reductions in pay, and furloughs of 30 days or less. 5 U.S.C. § 7512. When an employee is reassigned to a different position, "the Board ordinarily possesses jurisdiction only if the agency's action resulted in a reduction in grade or pay." Walker v.

2008-3251                                    2

Dep't of Navy, 106 F.3d 1582, 1584 (Fed. Cir. 1997). In this case, the Board concluded that Phillips's reassignment from the IR-05 position to the GS-13 position did not result in a reduction of either grade or pay. We agree.

The term "pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). A "reduction in pay" is "an ascertainable lowering, at the time of the personnel action, of an employee's present or future pay." Chaney v. Veterans Admin., 906 F.2d 697, 698 (Fed. Cir. 1990). No such reduction occurred in this case. Phillips's "Notification of Personnel Action," Standard Form 50 ("SF-50"), indicates that her adjusted basic pay was $79,481 at her prior IR-05 position and is now $80,343 (thus, higher) at her GS-13 position. Moreover, the maximum pay rate for both grades is the same: $87,039. Accordingly, the Board correctly found that Phillips incurred no ascertainable lowering of either present or future pay.

The term "grade" is defined as "a level of classification under a position classification system." 5 U.S.C. § 7511(a)(3). To determine whether Phillips's reassignment resulted in a reduction in grade, the Board compared the "representative rate," as per 5 C.F.R. §§ 351.203 and 536.103(2), for both positions under the IR and GS classifications, and determined that the IR-05 pay band solely encompasses the GS-13 pay grade. Initial Decision at 7. It also found that the maximum pay rate for both grades is $87,039. Id. at 10. Based on these undisputed facts, the Board held that Phillips did not incur a reduction in grade.

On appeal, Phillips asserts that her prior IR-05 position allowed for future promotions to senior management positions, whereas her new GS-13 position does not.

But even assuming that her new position involves less responsibility and less potential for future advancement, "[a] reduction in responsibility without a concurrent reduction in grade or pay . . . is not appealable to the Board," Wilson v. Merit Sys. Prot. Bd., 807 F.2d 1577, 1580 (Fed. Cir. 1986), and "[a] reduction in pay must be ascertainable at the time of the personnel action, not at some future date," McEnery v. Merit Sys. Prot. Bd., 963 F.2d 1512, 1514 (Fed. Cir. 1992) (emphasis in original). In this case, even if Phillips is eventually promoted to the top of her GS-13 pay grade, her maximum pay rate would be $87,039—the exact same rate she would have earned at the top of her previous IR-05 pay band. Any potential for future advancement beyond the GS-13 pay grade is speculative at this time, and it could not have been ascertained at the time of her reassignment. Thus, Phillips's allegations, even if true, do not suffice to establish an ascertainable reduction in pay or grade at the time of her reassignment.

Phillips also argues that her reassignment was involuntary. We need not address this argument, however, because the Board dismissed her appeal on the ground that her reassignment was not an adverse agency action. See Initial Decision at 5 n.4 ("In light of my findings, infra, that the appellant did not incur a loss of pay or grade, I need not determine whether her reassignment was, as she claims, involuntary."). Because we affirm the Board's decision on this same ground, the question of involuntariness is of no consequence in this appeal. See Manning v. Merit Sys. Prot. Bd., 742 F.2d 1424, 1427 (Fed. Cir. 1984) ("[A]llegations of a reassignment without change in grade or pay do not provide a basis for MSPB jurisdiction.").

Because Phillips has failed to raise a non-frivolous allegation that her resignation resulted in a reduction of pay or grade, we affirm.

2008-3251 4

COSTS

No costs.