NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RENATA P. MAGLIETTI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3144

---

Petition for review of the Merit Systems Protection Board in Case No. PH0752100073-I-1.

---

Decided: January 13, 2010

---

RENATA P. MAGLIETTI, Canton, Connecticut, pro se.

DAVID BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, LINN, and DYK, *Circuit Judges.*

PER CURIAM.

## DECISION

Renata P. Maglietti petitions for review of a decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. We affirm.

## BACKGROUND

Ms. Maglietti was employed as a Medical Technologist with the Department of Veterans Affairs ("DVA") until she retired in October of 2009. In June 2004, the DVA reassigned Ms. Maglietti from its Newington, Connecticut, campus to its West Haven campus. That reassignment followed an altercation between Ms. Maglietti and one of her co-workers. Ms. Maglietti's grade and pay remained the same after the transfer, although she asserts that her job duties at the West Haven campus represented a demotion from her position at Newington. In addition, her commute to West Haven was approximately 80 miles longer than her commute to Newington. In her brief before this court, Ms. Maglietti details the stress that the lengthy commute placed on herself and her family. She also states that in September of 2005 the DVA again reassigned her to a position with less responsibility and a reduced opportunity for advancement, although her duty post, salary, and grade were not changed.

Ms. Maglietti filed a federal district court action charging the DVA with sex discrimination in connection with her 2004 reassignment to West Haven. A jury found for Ms. Maglietti, and the district court entered judgment of $275,000 in her favor in December of 2008. The DVA

subsequently moved for judgment as a matter of law ("JMOL"). In June of 2009, Ms. Maglietti and the DVA settled their dispute. In exchange for monetary compensation from the DVA, Ms. Maglietti released the DVA from liability and agreed to retire from the agency effective October 30, 2009. The DVA filed the settlement agreement with the district court, which subsequently issued an order denying the DVA's JMOL motion as moot.

Shortly thereafter, Ms. Maglietti filed an appeal with the Merit Systems Protection Board. She claimed that her retirement from the DVA was involuntary because it was coerced and that she had been improperly reassigned. The administrative judge who was assigned to her case issued an order directing her to show why the Board had jurisdiction over her appeal. After Ms. Maglietti responded, the administrative judge ruled that her response failed to raise a nonfrivolous allegation that her retirement was involuntary. The administrative judge therefore denied her request for a hearing on the issue of jurisdiction. The administrative judge then held that because Ms. Maglietti had failed to prove that her retirement was involuntary, the Board did not have jurisdiction over her constructive removal claim. And because the September 2005 reassignment was not accompanied by a reduction in pay or grade, the administrative judge held that the Board did not have jurisdiction over her reassignment claim. The full Board denied Ms. Maglietti's petition for review, and the administrative judge's initial decision became final. Ms. Maglietti then appealed to this court.

## DISCUSSION

The Board has jurisdiction to review an agency's decision to reassign an employee only when the reassignment

is accompanied with a reduction in grade or a reduction in pay. 5 U.S.C. § 7512; *Walker v. Dep't of the Navy*, 106 F.3d 1582, 1584 (Fed. Cir. 1997). A "reassignment from a position of greater to lesser responsibility within the same grade is *not* a 'reduction in grade.'" *McEnery v. Merit Sys. Prot. Bd.*, 963 F.2d 1512, 1514 (Fed. Cir. 1992). In *McEnery*, we considered a petitioner's claim that his reassignment to a position of lesser responsibility but equal pay invokes Board jurisdiction because it might foreclose future opportunities for pay increases and promotions. We held that the Board properly dismissed that claim, as its jurisdiction is limited to reassignments coupled to a reduction in pay that is "ascertainable *at the time of the personnel action*, not at some future date." *Id.* at 1514.

Ms. Maglietti suggests that the DVA submitted evidence to the Board about the wrong reassignment. She does not specifically allege that the Board itself analyzed the wrong reassignment and she has not identified any reassignment accompanied by either a reduction in pay or a change in grade.[1] The Board considered the reassignment that took effect on September of 2005, when the DVA changed Ms. Maglietti's job duties but maintained her salary and job title as a GS-9, step 10, Medical Technologist. Ms. Maglietti alleges that she lost promotional and other career advancement opportunities because of that reassignment. Speculation regarding the loss of future income does not invoke Board jurisdiction; accordingly, we affirm the Board's decision to dismiss the portion of her appeal directed to the September 2005 reassignment.

---

[1] Ms. Maglietti appealed the June 2004 reassignment to the MSPB. The Board dismissed that appeal for lack of jurisdiction because the reassignment was not accompanied by a loss of pay nor a reduction in grade. That decision became final and cannot be relitigated here.

We also affirm the Board's decision to dismiss her involuntary retirement claim. Congress gave the Board limited jurisdiction. Its jurisdiction to hear appeals from adverse personnel actions is limited to actions that amount to a removal, a suspension for more than 14 days, a reduction in grade or pay, or a furlough of 30 days or less. 5 U.S.C. §§ 7512, 7701(a). An employee's decision to resign or retire is presumptively voluntary and therefore is generally not a personnel action within the Board's jurisdiction. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). If, however, the agency induces an employee to retire through coercion or misinformation, the employee's retirement is considered involuntary and amounts to a constructive removal action, which the Board has jurisdiction to review. *Id.*

Adjudication of an involuntary retirement claim generally follows a two-step process. First, in order to be entitled to a hearing on jurisdiction, the petitioner must make "a non-frivolous allegation that, if proved, would establish Board jurisdiction." *Id.* at 1125; *see generally Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc). In order to prove constructive removal, the petitioner has the burden to prove by preponderant evidence that (1) the agency imposed the terms of the employee's retirement, (2) the employee had no realistic alternative but to retire, and (3) the employee's retirement was the result of the agency's improper action. *Garcia*, 437 F.3d at 1329.

The administrative judge in this case ordered Ms. Maglietti to proffer evidence to show that the Board had jurisdiction over her involuntary retirement claim. In response, Ms. Maglietti pointed to the stress caused by her lengthy commute, she explained that she felt her choice was to "[r]etire or lose it all," and she stated that

the DVA "did all they could do to get me to leave."   In *Staats*, we held that the doctrine of coercive involuntariness "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave."   99 F.3d at 1124.   Under that standard, Ms. Maglietti's complaints about her treatment by the DVA do not allege the kind of coercive conduct that is necessary to constitute constructive removal.

Furthermore, we agree with the administrative judge's conclusion that Ms. Maglietti's decision to settle her sex discrimination lawsuit with the DVA was not the product of coercion.   In the settlement agreement, she acknowledged that she was "freely signing this Settlement Agreement without reservation, duress, or coercion on the part of [the DVA] or any other party."   When she entered into the settlement agreement, she had a jury verdict in her favor, but that verdict would have been overturned if the court had granted the agency's JMOL motion.   Ms. Maglietti had a choice:   She could keep her job but risk that the district court would grant the DVA's JMOL motion.   Or, at her option, she could accept payment in satisfaction of her claim and retire from her position with the DVA.   She chose the latter.   The fact that an employee is faced with a choice between two options, both of which she regards as unpleasant, does not make the ultimate decision inherently involuntary. *Staats*, 99 F.3d at 1125; *Covington v. Dep't of Health and Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984).   Accordingly, we see no error in the Board's determination that Ms. Maglietti failed to prove constructive removal,

and we affirm the Board's order dismissing her appeal for lack of jurisdiction.

No costs.

**AFFIRMED**