**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MILES E. MCCORD, JR.,
         Appellant,

      v.

DEPARTMENT OF COMMERCE,
         Agency.

DOCKET NUMBER
DC-0752-14-0284-B-1

DATE: April 28, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brooke L. Beesley, Alameda, California, for the appellant.

Nicole Morgan, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed his alleged constructive demotion appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The Board remanded this alleged constructive demotion appeal to the regional office for a determination of whether it was timely filed or good cause existed for the appellant's delay in filing and, if so, whether the appellant established jurisdiction over his constructive demotion claim. *McCord v. Department of Commerce*, MSPB Docket No. DC-0752-14-0284-I-1, Remand Order (Feb. 12, 2014). Consonant with the Board's remand order, the administrative judge allowed the parties to conduct discovery and ordered them to submit evidence and argument on the timeliness issue. *Id.* at 7; Remand File (RF), Tab 2.

¶3 The appellant's representative conducted depositions of two management officials: the individual who removed the appellant's supervisory duties and the individual who assumed those responsibilities. RF, Tab 4 at 9-29; RF, Tabs 5-6. The appellant argued that the deposition testimony established that the agency took away his supervisory responsibilities, gave those responsibilities to another employee, and then upgraded his former position. RF, Tab 6 at 3.

¶4        In his remand initial decision, the administrative judge found that the issues of jurisdiction and timeliness in this appeal are inextricably intertwined. RF, Tab 10, Remand Initial Decision (RID) at 6-7. The administrative judge then found that the deposition testimony submitted by the appellant established that his supervisory position was never upgraded or reclassified after his reassignment. RID at 7-8. Having found that the appellant failed to allege facts to support Board jurisdiction over his constructive demotion claim, the administrative judge dismissed the appeal without reaching the issue of timeliness. RID at 8.

¶5        In his petition for review, the appellant argues that the administrative judge failed to address the timeliness issue as ordered by the Board and that failure has prejudiced his right to conduct discovery on the jurisdictional issue. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the appellant's petition for review, and the appellant submits a reply to the agency's response. PFR File, Tabs 3-4. For the reasons set forth below, we agree with the administrative judge tat the appellant ultimately failed to allege facts that, if proven, would show that the agency subjected him to an appealable constructive demotion. RID at 7-8. Accordingly, we agree with the administrative judge that the appellant failed to establish jurisdiction over this appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        In a constructive demotion appeal, where the jurisdictional and timeliness issues are inextricably intertwined,[2] resolution of the timeliness issue depends on whether the agency subjected the appellant to an appealable constructive action. *Fields v. U.S. Postal Service*, [117 M.S.P.R. 475](#), ¶ 7 (2012). To establish a constructive demotion claim, the employee must demonstrate that: (i) the

---

[2] The issues of timeliness and jurisdiction generally are considered to be inextricably intertwined in an appeal of a constructive adverse action like this because a failure to inform an employee of Board appeal rights may excuse an untimely filed appeal, and whether the agency was obligated to inform the employee of such appeal rights depends on whether the employee was affected by an appealable action. *E.g.*, *Hanna v. U.S. Postal Service*, [101 M.S.P.R. 461](#), ¶ 6 (2006).

employee was reassigned from a position that, due to the issuance of a new classification standard or correction of classification error, is entitled to a higher grade, and (ii) the employee meets the legal and qualification requirements for promotion to the higher grade. *Walker v. Department of the Navy*, 106 F.3d 1582, 1584 (Fed. Cir. 1997) (citing *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981)). A "constructive demotion cannot occur unless a position is reclassified to correct an error in the original classification, or a new classification standard has been issued." *Hogan v. Department of the Navy*, 218 F.3d 1361, 1362 (Fed. Cir. 2000).

¶7   The appellant's evidence does not indicate that his position was reclassified or that the agency issued a new classification standard. His evidence instead indicates that the agency discontinued the appellant's supervisory duties and awarded them to another employee, an action that, as correctly found in the administrative judge's remand initial decision, is not an appealable adverse action under 5 U.S.C. chapter 75 pursuant to the agency's Alternative Personnel Management System. RID at 3; *cf. Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶¶ 3, 10-14 (2012) (involving a similar alternative personnel system); *see* 62 Fed. Reg. 203, 54,606-07 (Oct. 21, 1997). The fact that the agency awarded those responsibilities to another employee does not mean that the appellant's position was reclassified. Because the appellant has failed to identify any facts that, if proven, could establish that the agency reclassified his position, and because the agency's action relieving the appellant of his supervisory duties is not appealable to the Board, we agree with the administrative judge's decision to dismiss the appeal for lack of jurisdiction without holding a hearing.

¶8   Although the appellant asserts on review that the administrative judge neglected to follow the Board's instructions to rule on the timeliness issue, PFR File, Tab 1 at 2-3, we find that the administrative judge properly analyzed the issues in light of the evidence before him. In an appeal that involves an alleged constructive adverse action, the administrative judge must address the

jurisdictional findings on the alleged constructive action to determine the timeliness of the appeal. *E.g.*, *Brown v. U.S. Postal Service*, [115 M.S.P.R. 609](#), ¶ 8, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). This is because the agency is obligated "to inform the appellant of his appeal rights if—and only if—he was affected by an appealable action." *Parker v. U.S. Postal Service*, [59 M.S.P.R. 603](#), 610 (1993). When resolution of the timeliness issue depends on whether the agency subjected the appellant to an appealable constructive adverse action, it would be improper for the administrative judge to dismiss the appeal as untimely filed without making jurisdictional findings. *Fields*, [117 M.S.P.R. 475](#), ¶ 10. We therefore find no error in the administrative judge's consideration of the jurisdictional issue, notwithstanding the Board's instructions in the remand order.

¶9    The appellant argues on review that the administrative judge erred by not permitting him to conduct discovery on the jurisdictional issue. PFR File, Tab 1 at 3. Administrative judges have wide discretion concerning discovery matters and the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *E.g.*, *Wagner v. Environmental Protection Agency*, [54 M.S.P.R. 447](#), 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Although the administrative judge indicated in his acknowledgment order following remand that discovery was to be limited to the issue of timeliness, RF Tab 2 at 2, the record reflects that the appellant took depositions concerning the central jurisdictional issue in this appeal, i.e., whether his position was upgraded or reclassified after the agency relieved him of his supervisory duties, RF, Tabs 4-7. Moreover, the appellant fails to identify any discoverable materials that would further aid him in meeting his evidentiary burdens on the jurisdictional issue. Thus, we find that the appellant has failed to demonstrate that the administrative judge abused his discretion in this regard.

¶10    The appellant also asserts on review that the administrative judge improperly weighed evidence to resolve conflicting assertions. PFR File, Tab 4 at 3-4. We disagree. The administrative judge based his findings on the

depositions that the appellant's representative conducted pursuant to the Board's remand order. RID at 7-8. Moreover, despite the apparent friction at times between the administrative judge and the appellant's representative, RID at 6; PFR File, Tab 1 at 3-5,[3] the record reflects that the administrative judge considered all of the appellant's evidence and we agree with him that, because that evidence fails to support his conclusory claim that the supervisory position from which the agency reassigned him was upgraded or reclassified as to meet the "strictly defined and narrow" circumstances of a constructive demotion, the Board lacks jurisdiction over this appeal. RID at 7-8 (quoting *Hogan*, 218 F.3d at 1364).

¶11      Accordingly, we affirm the remand initial decision dismissing the alleged constructive demotion appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] Concerning the appellant's claim that the administrative judge was biased against him, we note that in making such a claim, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Because the record instead reflects that the administrative judge considered all of the appellant's evidence as a whole and drew reasoned conclusions from it, *see, e.g.*, *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 359 (1987), we find that the appellant has failed to overcome the presumption of honesty and integrity afforded to administrative adjudicators and therefore has failed to establish his claim of bias.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.