NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VITALY SHIK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2102

---

Petition for review of the Merit Systems Protection Board in No. NY-3443-16-0034-I-1.

---

Decided: October 5, 2016

---

VITALY SHIK, Commack, NY, pro se.

LINDSEY SCHRECKENGOST, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Vitaly Shik appeals a final decision of the Merit Systems Protection Board. Because the Board properly dismissed Mr. Shik's claims for lack of jurisdiction, we affirm.

## BACKGROUND

Mr. Shik, a GS-13 Supervisory Mechanical Engineer with the General Services Administration, was temporarily promoted on January 13, 2013, to the GS-14 position of Supervisory Commodity Management Specialist with a term not to exceed 120 days. The temporary promotion ended on May 13, 2013, upon which Mr. Shik returned to the GS-13 position of Supervisory Mechanical Engineer.

In 2015, Mr. Shik filed an appeal with the Board, alleging that he continued to perform duties of the GS-14 position following the termination of his temporary promotion but was still being compensated at the GS-13 level. An administrative judge ordered Mr. Shik to show cause that his appeal was within the Board's jurisdiction. In response, Mr. Shik argued a theory of constructive demotion.

The Board ultimately dismissed Mr. Shik's appeal for lack of jurisdiction. The Board found no evidence that Mr. Shik was permanently promoted to the GS-14 position and noted that "[t]he return of an employee to his permanent position after a temporary promotion is not an action appealable to the Board." J.A. 3. The Board also determined that Mr. Shik failed to nonfrivolously allege that he suffered a constructive demotion because he did not argue that his former position was actually reclassified upwards. Finally, the Board characterized Mr. Shik's claim that he was performing GS-14 duties while holding a position classified at GS-13 as a classification issue that lies outside the Board's jurisdiction.

Mr. Shik appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review decisions of the Board on a limited basis, setting aside Board actions, findings, or conclusions only if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board had jurisdiction over Mr. Shik's claims is a question of law that this court reviews de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). Mr. Shik bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

The Board's jurisdiction is limited to those matters over which it has been specifically granted jurisdiction by a law, rule, or regulation. 5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). We find that the Board properly dismissed Mr. Shik's appeal for lack of jurisdiction.

Mr. Shik argues that after his temporary promotion ended, he continued to perform all of the functions of the GS-14 position but was compensated at the GS-13 pay rate.

This argument, however, runs afoul of the well-recognized principle that a "federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade." *United States v. Testan*, 424 U.S. 392, 407 (1976). The Board lacks jurisdiction over claims that simply allege, without more, that a federal employee should receive the salary of a position he is not appointed to because he performed the duties of that position. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-

matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974))). Thus, because Mr. Shik was not permanently appointed to the GS-14 position and instead only occupied a GS-13 position, the Board does not have jurisdiction over this claim.

To the extent that Mr. Shik's argument is that the classification of his GS-13 position is incorrect, "[t]he board has not been granted appellate jurisdiction over cases concerning the proper classification of a position, either by statute or regulation." *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). The statutory remedy for a person who believes his position has been classified improperly for pay purposes is to request that the Office of Personnel Management audit the position and direct the agency to change the grade of the position. *See* 5 U.S.C. § 5112(b).

Mr. Shik also raised the theory of constructive demotion before the Board, though it is unclear whether he maintains this argument before this court. In any event, Mr. Shik's reliance on this theory is unavailing. "To establish a constructive demotion claim, the employee must demonstrate that (i) the employee was reassigned from a position which, due to the issuance of a new classification standard or correction of classification error, is entitled to a higher grade, and (ii) the employee meets the legal and qualification requirements for promotion to the higher grade." *Walker v. Dep't of the Navy*, 106 F.3d 1582, 1584 (Fed. Cir. 1997). Mr. Shik makes no such allegations here. Therefore, we find that he has not satisfied his burden of proving jurisdiction under the theory of constructive demotion.

We have carefully considered Mr. Shik's remaining arguments and determined that they lack merit.

CONCLUSION

For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.