**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NICOLE D. TAYLOR,
      Appellant,

v.

DEPARTMENT OF COMMERCE,
      Agency.

DOCKET NUMBER
CH-0752-23-0249-I-1

DATE:  March 2, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Solomon</u>, Esquire, Tampa, Florida, for the appellant.

<u>Ashley Geisendorfer</u>, <u>Christiann C. Burek</u>, and <u>Isaac Laudenslager-Moore</u>,
    Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction and found, among other things, that she did not nonfrivolously allege that she was constructively demoted.  On petition for review, the appellant asserts that the administrative judge erred in finding that there was no jurisdiction over her constructive demotion claim and he

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

failed to consider that an actual demotion occurred. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

We discern no error with the administrative judge's finding that the appellant did not nonfrivolously allege that she was constructively demoted.[3]

The constructive demotion doctrine ordinarily applies where (1) an employee was reassigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade, (2) the employee met the legal and qualification requirements for promotion to the higher grade, and (3) the employee was permanently reassigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted. *Solamon v. Department of Commerce*,

---

[2] We deny the agency's request to file a sur-reply. PFR File, Tab 5.

[3] The appellant does not challenge on review the administrative judge's finding that the reassignment did not result in a loss of grade. Initial Appeal File, Tab 21 at 7. We discern no error with the administrative judge's conclusion in this regard.

119 M.S.P.R. 1, ¶ 15 (2012); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981).[4] We agree with the administrative judge that the appellant did not make nonfrivolous allegations in this regard. Initial Appeal File (IAF), Tab 21, Initial Decision (ID) at 6-7. We have considered the appellant's assertions on review, but a different outcome is not warranted.

For example, the appellant asserts that the administrative judge's findings on constructive demotion "are almost entirely wrapped up in his reading of" *Hogan v. Department of the Navy*, 218 F.3d 1361, 1365 (Fed. Cir. 2000), and that the administrative judge misread the relevant case law. PFR File, Tab 1 at 20. To the extent that she is asserting that *Hogan* is distinguishable from this matter because the agency abolished Mr. Hogan's former position and it was never reclassified, *id.* at 20-21, we are not persuaded that these factual differences warrant a different outcome. In cases arising under 5 U.S.C. chapter 75, decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board. 5 U.S.C. § 7703(b)(1)(A); *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987). Moreover, the Board has relied on the court's analysis in *Hogan* in constructive demotion cases where the positions at issue were reclassified. *See, e.g.*, *Manlogon v. Environmental Protection Agency*, 87 M.S.P.R. 653, ¶¶ 7-12 (2001) (finding that the appellant raised a nonfrivolous allegation of jurisdiction, i.e., that his position was upgraded, without a significant change in duties or responsibilities, at the time he was reassigned to another position, and that he met the qualifications of promotion to that position); *see also Francis v. Department of the Navy*, MSPB Docket No. AT-0752-13-2973-I-1, Final Order, ¶¶ 2, 6-7 (Sept. 30, 2014) (finding that the appellant did not establish a constructive demotion when he failed to show that the reclassified position had sufficiently

---

[4] In *Solamon*, 119 M.S.P.R. 1, ¶ 15, the Board noted that, under the Commerce Alternative Personnel System, it was substituting the term "band" for "grade" as appropriate.

similar duties to the former position). Finally, the administrative judge did not exclusively rely on *Hogan* in his analysis of the appellant's constructive demotion claim; rather, he also relied on *Russell*, the Board's seminal decision in constructive demotion cases, as well as other Board and court decisions. ID at 5-7 (citing *Russell*, 6 M.S.P.R. at 711). We are also not persuaded that the administrative judge misread the relevant case law.

We have considered the appellant's assertion on review that the administrative judge erred in finding that she did not nonfrivolously allege that she met the legal and qualification standards for the position. PFR File, Tab 1 at 16-20; ID at 7 n.3. The position description reflects that the incumbent of the new Director position was required to have a Top Secret security clearance and Senior Executive Service (SES) designation. IAF, Tab 4 at 29-31. The Board lacks jurisdiction to review an agency's job classification. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Grigsby v. Department of the Army*, 45 M.S.P.R. 151, 154 (1990). Moreover, the appellant has not nonfrivolously alleged that she had a Top Secret security clearance and/or an SES designation at the time of the reassignment.[5] Accordingly, a different outcome is not warranted. *See, e.g., Walker v. Department of the Navy*, 106 F.3d 1582, 1585 (Fed. Cir. 1997) ("Mr. Walker's attempt to adjudicate his constructive demotion claim failed because he did not make a nonfrivolous allegation, before the administrative judge, that he was fit to perform all the duties of a police officer at the time of his reassignment to the position of police officer dispatcher."), *clarified by Hogan*, 218 F.3d at 1366; *see also Solamon v. Department of Commerce*, MSPB Docket No. DC-0752-13-0180-I-1, Final Order at *3 (May 6, 2014) ("By conceding that he lacked the security clearance that the agency required for the Band V Chief position, the appellant

---

[5] Even if we consider the appellant's contention that she was reassigned in March 2023, as opposed to November 2022, she does not allege that she obtained a Top Secret security clearance and/or an SES designation by this later date.

failed to meet his burden of alleging nonfrivolous facts, which if true, would establish that he met the legal and qualification standards for the upgrade position.").

Finally, on review, the appellant disagrees with the administrative judge's characterization that the new Director role incorporated new duties. PFR File, Tab 1 at 6-9; ID at 3, 7. As support, she asserts, among other things, that she "perform[ed] functions that were substantively identical to the position description provided for the Director position following reorganization" and her "successor in the Director position actually performs functions that are substantively identical to the functions" that she performed when she encumbered the Supervisory Human Resources Specialist position. PFR File, Tab 1 at 6. She also asserts that an SES employee entered into a settlement agreement with the agency, and to comply with that agreement, the agency reclassified the appellant's position to an SES-level position and removed her from that position. *Id.* at 12-13. These assertions do not warrant a different outcome because, for the reasons set forth in the initial decision, the appellant has not nonfrivolously alleged that she met the elements of a constructive demotion claim.

The appellant's evidence and argument on review regarding a potential reduction in pay claim do not warrant a different outcome.

With her petition for review, the appellant includes a correction SF-50, which shows that, effective March 12, 2023, her step or rate was reduced from "4" to "3," and her total salary was reduced from $183,500, to $180,545. PFR File, Tab 1 at 24. She also includes a declaration from her attorney, made under penalty of perjury, which states that during a November 14, 2023 status conference, the administrative judge discussed the pending briefs on jurisdiction regarding the constructive demotion claim, the administrative judge asked if the parties had anything else to share, and he (the attorney) informed the administrative judge that the appellant's salary had been "corrected to a lower amount because of the removal of supervisory duties." *Id.* at 25. The attorney

also states in his declaration that he "recall[ed] stating that [they] did not have documentation yet," but they could request and provide such documentation. *Id.*

The Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing regarding the correction SF-50.[6] Even if we credit the attorney's statement that he orally raised the corrected salary issue during the November 14, 2023 status conference, there is no evidence that he preserved a potential reduction in pay claim as an issue for adjudication. Indeed, the administrative judge's summary of that status conference did not, in any way, reflect the attorney's representations regarding the corrected salary issue or otherwise state that a potential reduction in pay claim was raised therein. IAF, Tab 18 at 1. In the absence of any such information in the administrative judge's summary of that conference, it was incumbent on the attorney to memorialize his representations to the administrative judge in writing and, ideally, provide any relevant documentation to that effect once it was in his possession. Because he did not do so, we conclude that the appellant did not properly preserve the reduction in pay issue for adjudication. *See, e.g.*, *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that the appellant is responsible for the errors of her chosen representative). Therefore, we discern no error with the administrative judge's conclusion that the Board lacks jurisdiction over this appeal.[7]

---

[6] The appellant includes with her reply brief an undated organizational chart for the Consulting Services Division, in which she is listed as the Director, and she states that this document "predates the realignment." PFR File, Tab 4 at 6-7. The appellant has not made a showing that this document was unavailable before the record closed despite her due diligence, *Avansino*, 3 M.S.P.R. at 213-14, and we need not consider it further.

**NOTICE OF APPEAL RIGHTS**[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Because we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction, we need not address the timeliness of the appeal.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.