NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2017-2310

---

Petition for review of the Merit Systems Protection Board in Nos. DE-3330-17-0119-I-1, DE-4324-17-0121-I-1.

---

Decided: December 11, 2017

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH BYNUM.

---

Before NEWMAN, WALLACH, and STOLL, *Circuit Judges*.

PER CURIAM.

John Paul Jones, III appeals the final decision of the Merit Systems Protection Board, denying his claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA"). Mr. Jones contends that the Department of Health and Human Services violated his USERRA and VEOA rights by not selecting him for the position of Public Health Advisor (International Program Director) in HHS's Health Resources and Services Administration ("HRSA"). We conclude that the Board's decision is supported by substantial evidence. Accordingly, we affirm.

## BACKGROUND

Mr. Jones is a Vietnam War veteran who applied for the position of Public Health Advisor (International Program Director) in the HRSA. The vacancy announcement specified that the basic requirements for the position included: (1) "[k]nowledge of organizational, operational, and programmatic concepts and practices applied by public, private, or nonprofit agencies and organizations engaged in public health"; (2) "[k]nowledge of the methods, processes, and techniques used to develop and deliver public health . . . programs"; (3) "[k]nowledge of a specialized public health program"; (4) "[k]nowledge of, and skill in . . . methods and techniques necessary for working within . . . a public health . . . organization"; and (5) "[s]kill in oral and written communications." J.A. 71. The announcement required that applicants have "one full year of public health program specialized experience" in international healthcare programs. J.A. 72.

HRSA afforded Mr. Jones a five-point veterans preference to which he was entitled when he applied for the

Public Health Advisor position. HRSA referred Mr. Jones's application to three subject matter experts who were all active duty uniformed services members in the Commissioned Corps of the Public Health Service. The experts were tasked with reviewing Mr. Jones's resume to assess whether his qualifications met the basic requirements for the position. After independently reviewing Mr. Jones's qualifications, each expert determined that Mr. Jones lacked the requisite specialized experience in public health for the position.

Mr. Jones initially sought corrective action for his non-selection from the Department of Labor, which ultimately closed its inquiry of Mr. Jones's VEOA claim. Mr. Jones appealed to the Board, arguing that HRSA failed to credit all of his relevant work experience for the position in violation of the VEOA. Mr. Jones also alleged that he was not selected because of his prior military service and in retaliation for his prior USERRA appeals. The Board joined the appeals and conducted a hearing.

Following the hearing, the Board denied Mr. Jones's VEOA and USERRA claims. The Board concluded that HRSA evaluated all of Mr. Jones's material experience. The Board credited HRSA's subject matter experts' testimony that Mr. Jones's prior military and private sector experience was largely clinical in nature. The experts further testified that Mr. Jones's resume revealed no evidence that he collected or analyzed data to prevent health problems for a generalized population or had any experience in public or international public health. The Board also concluded that Mr. Jones failed to provide preponderant evidence that his military service or his prior USERRA activity was a substantial or motivating factor in HRSA's non-selection decision.

The Board's decision became final on August 11, 2017. Mr. Jones timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Gallagher v. Dep't of the Treasury*, 274 F.3d 1331, 1336 (Fed. Cir. 2001) (quoting *Hogan v. Dep't of the Navy*, 218 F.3d 1361, 1364 (Fed. Cir. 2000)).

I.

We first address Mr. Jones's VEOA claim. To obtain relief for a VEOA violation, Mr. Jones must demonstrate that HRSA failed to afford him a bona fide opportunity to compete for the Public Health Advisor position or violated his veteran's preference rights by not crediting him "for all experience material to the position." 5 U.S.C. § 3311(2); *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003) ("Under the VEOA, certain veterans and preference eligibles 'may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.'" (quoting 5 U.S.C. § 3304(f)(1))).

Mr. Jones does not dispute that he was afforded an opportunity to compete for the Public Health Advisor position, nor could he. The record is replete with evidence that HRSA considered Mr. Jones for the position and afforded him the five points to which he was entitled for his veteran's preference-eligible status. Instead, Mr. Jones alleges that the HRSA omitted qualifying information from its evaluation. Mr. Jones contests the weight HRSA gave to his prior medical and healthcare experience in considering whether he was qualified for the Public Health Advisor position. He also challenges the

subject matter experts' qualifications to determine whether he is qualified. Mr. Jones's arguments, however, fail to demonstrate that the HRSA violated his VEOA rights. The record shows that HRSA's subject matter experts reviewed his qualifications and independently determined that he lacked the specialized experience in public health to qualify for the position. The Board credited the experts' testimony, which is "virtually unreviewable" by this court. *Jones*, 834 F.3d at 1368; *see Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997) ("As an appellate court, we are not in position to re-evaluate these credibility determinations . . . ."). Moreover, neither the Board nor this court is in the position to second-guess the weight HRSA gave Mr. Jones's work experience or how it assessed his qualifications for the position. *See Jones*, 640 F. App'x at 863 ("The Board's role in a VEOA appeal is limited: the VEOA does not empower the Board to supplant the [agency's] criteria with its own." (alteration in original) (internal quotation marks and citation omitted)).

## II.

We also conclude that Mr. Jones failed to demonstrate that HRSA violated his USERRA rights when it did not select him for the Public Health Advisor position. To obtain relief under USERRA, Mr. Jones must demonstrate by preponderant evidence that his prior military service was a "substantial or motivating factor" in HRSA's adverse employment action. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). In the absence of direct evidence, discriminatory motivation can be demonstrated by circumstantial evidence. *Id.* at 1014. Relevant factors include:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's ex-

pressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id*. As the employee making the USERRA claim, Mr. Jones bears the initial burden of proof. *Id*.

We conclude that the Board did not err in finding that Mr. Jones failed to point to any direct evidence that his prior military service was a substantial or motivating factor in HRSA's decision to not select him for the Public Health Advisor position. We also agree with the Board that under the *Sheehan* factors, Mr. Jones failed to prove by preponderant circumstantial evidence that his military service or prior USERRA activity was a motivating factor in HRSA's non-selection decision.

As the Board correctly found, the record demonstrates that Mr. Jones's military service was completed forty-seven years prior to HRSA's selection decision, negating the proximity and nexus between his military service and HRSA's adverse employment action. We see no reason to disturb the Board's determination that HRSA's subject matter experts credibly testified that they did not consider Mr. Jones's military service or his prior USERRA claims in their decision that he was not qualified for the position. We also see no error in the Board's determination that HRSA's experts credibly testified that they were unaware of any hostility toward military service members within HHS. Moreover, we agree with the Board that the fact that HRSA's subject matter experts themselves were active duty service members in the Commissioned Corps of the Public Health Service further militates against the finding of any animus toward veterans.

Repeating arguments made in his prior appeals, Mr. Jones alleges systemic discrimination toward veterans in HHS, including discriminatory remarks made

toward him and other veterans, targeted delays in rendering Board decisions, low hiring rates of veterans, and HHS's continuing refusal to hire him. As we have explained before, these arguments are not tied to HRSA's hiring decision *in this case*. To prevail in this case, Mr. Jones must demonstrate by direct or circumstantial evidence that HRSA decided to not select him for the Public Health Advisor position based on his military service or his prior USERRA activity. We conclude that the Board did not err in finding that Mr. Jones failed to do so here, and hold that the Board's decision is supported by substantial evidence.

## CONCLUSION

We have considered Mr. Jones's remaining arguments and find them unpersuasive. Because we hold that the Board's decision is supported by substantial evidence, we affirm.

## **AFFIRMED**

### COSTS

No costs.